UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARLA ALLEN,

                Plaintiff,

- against -

LLOYD BARNES and WACKIES MUSIC,

                Defendants.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANTS' MOTION TO VACATE DEFAULT**

**08 CV 3832 (BMC) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff, Marla Allen, brings this action for copyright infringement pursuant to 17 U.S.C. § 101, *et. seq.*, and for an accounting of all "exploitations [] purportedly authorized by defendants" for plaintiff's recordings and compositions. On November 11, 2008, plaintiff filed a motion for default judgment against the defendants. Defendants oppose plaintiff's motion and move to vacate any default. These motions were referred to me by the Honorable Brian M. Cogan, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1). I held a conference in this matter on January 7, 2009. For the following reasons, it is respectfully recommended that plaintiff's motion for a default judgment should be denied and defendants' motion to vacate the default should be granted.

## BACKGROUND

Plaintiff filed her complaint on September 18, 2008. See docket entry 1. Judge Cogan scheduled an initial conference for November 4, 2008. See docket entry 2. On October 30, 2008, plaintiff wrote to the Court stating that although she had notified defendants that they had to submit a joint letter to the Court prior to the conference, plaintiff had not heard from defendants or their counsel. See docket entry 5. On October 30, 2008, the Court adjourned the scheduled conference

and directed plaintiff to request entry of default from the Clerk of Court and to move for default judgment. On November 10, 2008, the Clerk of Court made an entry of default and plaintiff's counsel filed a motion for a default judgment. See docket entry 9.

On November 18, 2008, defendants moved to vacate the default. See docket entry 11. Defendant Barnes alleges that when he appeared for the November 4, 2008 initial conference, he found out it had been cancelled. Id at 2. Defendant Barnes states that he returned to the Court on November 11, 2008, November 12, 2008 and November 18, 2008 to find out how to proceed in this matter. Id. Plaintiff opposes defendants' motion to vacate the default. See docket entry 13.

I held an initial conference in this matter on January 7, 2009. During the conference, defendant Barnes appeared pro se and stated that he was the sole owner of Wackies Music. Defendant also represented to the Court that he had a long-standing working relationship with plaintiff, that he had produced a record album of plaintiff and her cousin, Claudette Brown. Ms. Brown accompanied Mr. Barnes to the conference and supported his version of events relating to production of the music that is the subject of this action. Plaintiff's counsel stated that at her request, defendant Barnes has authorized an accounting from the German company regarding the recordings at issue. See docket entry 13-2 at 4.

## DISCUSSION

Under Rule 55(c), a court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c).[1] There is a strong preference in the Circuit for deciding disputes on their merits. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001)("It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits.") See also Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993) ("[D]efaults are generally disfavored and are reserved for rare occasions...."); Arista Records, Inc. v. Musemeci, No. 03 Civ. 4465, 2007 WL 3124545, at *5 (E.D.N.Y. September 18, 2007) (same). Furthermore, because defendants are before the Court *pro se,* they must be afforded "extra leeway in meeting the procedural rules governing litigation and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge." Enron, 10 F.3d at 96.

"Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Lowey Dannenberg Cohen PC v. Dugan, 249 F.R.D. 67, 69 (S.D.N.Y. 2008) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). The Court may also consider "relevant equitable factors, including whether failure to appear was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" Raheim v. New York City Health and Hospitals Corp., No. 96 Civ. 1045, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007) (quoting Enron Oil Corp. at 96).

---

[1] "The Court applies the Rule 55(c) "good cause" standard, and not the more rigorous Rule 60(b) standard, because the Court never entered a default judgment in this action." Holland v. James, No. 05 Civ. 5346, 2008 WL 3884354, at *2 (S.D.N.Y. August 21, 2008)

Wilfullness

Defendant Barnes came to Court to attend the initial conference scheduled by Judge Cogan and made two additional trips to the Court to rectify his default. Defendant also timely appeared for the January 7, 2009 conference. In addition, defendant is cooperating with plaintiff to provide requested information. Wilfulness, in the context of a default, typically refers to conduct that is more than merely negligent or careless. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Willfulness may be found where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." Holland v. James, No. 05 Civ. 5346, 2008 WL 3884354, at *2 (S.D.N.Y. August 21, 2008) (quoting Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996)). In addition, "the Court must resolve any doubt about [defendants'] willfulness in [their] favor." Raheim, 2007 WL 2363010, at *4 (citing Enron, 10 F.3d at 98). The Court finds defendants' default here was not willful.

Meritorious Defense

Defendants also present what may be a meritorious defense. Barnes states that he had a "fifty fifty" agreement with plaintiff and her cousin, Ms. Brown. Barnes also states that he made "a payment to" plaintiff according to this "fifty fifty" agreement, but that other than this one payment, he has not received any other payment for the music at issue. To satisfy the meritorious defense factor under Rule 55(c), "a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted." Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, No. 05 Civ. 10098, 2006 WL 2850210, at *1 (S.D.N.Y. Oct. 4, 2006) (quoting 10 Moore's

Federal Practice, § 55.50[1][b][ii] (3d Ed. 2005)). Defendants have alleged specific facts which, if proven at trial, would constitute a defense to plaintiff's claims.

Prejudice to Plaintiff

"A plaintiff may demonstrate prejudice by showing that his 'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" Raheim, 2007 WL 2363010, at *5 (quoting Farrell v. Cty. Van & Storage, Inc., No. 96 Civ. 1174, 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996)) (internal citations omitted). However, delay alone is insufficient to establish prejudice. Enron, 10 F.3d at 98. Plaintiff cannot establish prejudice here.

## CONCLUSION

As adjudication of cases on their merits is favored and Courts must resolve doubts regarding default judgments in favor of the defaulting party, it is respectfully recommended that defendants motion to vacate the default should be granted and plaintiff's motion for a default judgment should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally

waives any further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 13, 2009
      Brooklyn, New York